[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION STATEMENT OF THE CASE
These two files were consolidated for trial, both arising out of a motor vehicle accident which occurred on December 15, 1998 in New Haven. On that date at about 10:30 a.m., the plaintiff Smith was operating a vehicle owned by the plaintiff Heyward and the defendant Savino was operating a heavy duty truck owned by the defendant City of New
Both vehicles were traveling northerly on Winthrop Avenue and both drivers intended to turn right onto Legion Avenue at its intersection with Winthrop Avenue.
The versions of Smith and Savino as to what happened are totally contradictory. The plaintiff Smith claims to have suffered physical injuries for which he seeks damages while the plaintiff Heyward and her carrier, the Allstate Insurance Company, seek reimbursement for expenses incurred to repair the damage to the vehicle being operated by Smith.
 DISCUSSION I
The plaintiff Smith testified that he was stopped for the traffic light at the intersection, saw the defendant's vehicle coming in his rear view mirror, to his left, and when the light turned green, both vehicles turned right and he was struck.
The defendant Savino claims he was making a wide right turn necessitated by the contour of the intersection when he saw the plaintiffs vehicle "flashing by" on his right. He applied his brakes and the truck's right front tire was in contact with the driver's side of the plaintiffs' vehicle, "rubbing" along that side from a point near the front CT Page 140 door handle or at the beginning of the rear door to a point above the rear wheel.
There is no dispute that the truck showed no damage and incurred none, lending support to Savino's statement that the tire "rubbed along" the side of car. The photos in Exhibit 2 support this statement also.
This would indicate to the court that the plaintiffs vehicle was still proceeding in a northerly direction, that is, straight ahead when the tire of the truck and the side of the car came into contact. That is the only way the car could have sustained the body damage shown in Exhibit 2.
It must also be noted that Winthrop Avenue is not a two lane highway at this intersection. The court was not provided with street measurements, but an examination of Exhibits F-K indicates the Winthrop Avenue northerly is a wide single lane without lines designating two travel lanes. Across Legion Avenue, both the northerly and southerly lanes are divided into two lanes in each direction by white lines and arrows. A view of the intersection shows a curve and a sharp corner, requiring all vehicles turning onto Legion Avenue to make a sharp turn.
On this evidence alone, one must seriously doubt Smith's version to the effect that the truck was behind him, somehow got alongside of him, and then instead of contact with the trucks front end, the tire, now in a turning position, inflicted the damage seen in Exhibit 2. To be the closest part of the truck to the plaintiffs vehicle, the wheels would have to have been in a turning action. Thus, the right tire projected closer to the plaintiffs car than any other part of the truck.
 II
While counsel made much of the fact that Mr. Savino disagreed with portions of the investigating police officer's testimony, this had nothing to do with the court's conclusions discussed above.
There are further concerns about the credibility of the plaintiff Smith. He was asked about four prior accidents. He did not recall the first three, but admitted to the fourth. On direct examination, he deniedany prior accidents.
He also estimated the speed of the truck to by 5 miles per hour. At that speed and with the pictured damage to his vehicle, one must question the claimed injuries. Even if the impact was as claimed, one doubts he was "thrown forwards and backwards." (Exhibit 6). It is also significant that he made no complaint of injury at the scene. CT Page 141
One also questions how painful these "injuries" were when treatment was suspended from February 24, 1999 to June 23, 1999. (Exhibit 3).
 CONCLUSION
The plaintiffs have failed to sustain their burden of proof. The evidence adduced supports the claims of the defendants and the version advanced by Mr. Savino.
Judgment may enter for the defendants in each file.
 ___________________ Anthony V. DeMayo Judge Trial Referee
CT Page 142